**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAROL ROSE** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:21-cv-04029** |
| | § | |
| **KRYSTINA URICK AND** | § | |
| **TARGET CORPORATION** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF CAROL ROSE'S MOTION TO REMAND AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Carol Rose, and files this Motion to Remand and would respectfully

show this Honorable Court that it should remand the present case to State court for the following

reasons:

**I. STATEMENT OF ISSUE**

The issue to be decided by this Honorable Court is whether the present case must be

remanded to State Court for lack of subject matter jurisdiction.

**II. BACKGROUND**

On January 4, 2020, Carol Rose was shopping at a Target store when Target employee

Krystina Urick struck her in the back with a product cart causing Rose to sustain serious personal

injuries.  (Doc. 1 – 2; *see also* Doc 1- 5).

On October 26, 2021, Rose brought negligence claims against Krystina Urick,

individually, and against Target, as Urick's employer, in the 61st Judicial District Court in Harris

County, Texas, Cause No. 2021-70554, styled *Carol Rose v. Krystina Urick and Target*

*Corporation*.  (Doc. 1 – 2).  While Target asserts that it is a citizen and resident of Minnesota, it

is undisputed that Defendant Urick is a Texas citizen and resident.  (Doc. 1 - 5).  On December 10, 2020, Defendant Target filed its notice to remove this action to federal court, claiming that this Court has original diversity jurisdiction under the theory that Urick was improperly joined, and therefore, her Texas citizenship should be disregarded for the purpose of diversity jurisdiction.

### III.    SUMMARY OF THE ARGUMENT

This case should be remanded to State court because the parties are not diverse and, therefore, this Court lacks subject-matter jurisdiction. Target's removal is based on the faulty premise that Urick cannot be held individually liable for injuring Rose. On the contrary, by violating her independent duty to Rose, Urick is subject to independent liability for the severe injuries she inflicted on Rose when she hit her with a product cart. As a result, Rose properly joined Urick in the negligence suit to recover for her injuries.

Because Urick was properly joined, diversity jurisdiction does not exist in this case. Defendant Urick is a Texas resident, as is Plaintiff Rose. As a result, the parties are not diverse, depriving this Court of the subject-matter jurisdiction Target urges as its sole basis for removal. For this reason, this Court must remand the present case.

### IV.    ARGUMENT & AUTHORITIES

**A.    The removal statute is strictly construed in favor of remand.**

United States district courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, defendants may remove an action from State court to federal court only if the action is one over which the federal court possesses subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal courts have subject-matter

jurisdiction over two types of cases: (1) those arising under the Constitution, laws, or treaties of the United States; and (2) those in which complete diversity of citizenship exists and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332.

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723. There is a "strong presumption" against removal. *See Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006)). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)); *see also Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

Target's removal is premised on diversity jurisdiction. Thus, if there is any doubt as to the existence of the complete diversity alleged as the basis for removal, or even as to the propriety of removal, this Court must grant this motion to remand.

**B.      Rose properly joined Urick as a defendant in her State negligence suit.**

The crux of Target's removal argument is its theory that Urick was improperly joined in the State case. Under the doctrine of improper joinder, a federal district court may exercise jurisdiction over a case wherein diversity of citizenship would be established if not for the presence of an improperly joined party. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993). Defendants claiming improper joinder bear "a *heavy burden* of proving that the joinder of the in-state party . . . was improper." *Escuadra*, 739 F. Supp. 2d at 974 (citing *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d 746, 751); *Smallwood*, 385 F.3d at 574). This heavy burden reflects the serious federalism concerns that arise when a federal court usurps a State action that

3

is properly before the State's own courts. *Id.*; *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

A defendant can establish improper joinder in one of two ways: first, by showing actual fraud in the pleading of jurisdictional facts, or second, by demonstrating the plaintiff's inability to establish a cause of action against the non-diverse party in State court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Here, although Target claims Rose fraudulently and/or improperly joined Urick, it has not claimed that the jurisdictional facts Rose pleaded were *actually* fraudulent. Rather, Target contends that under the second approach, joinder of Urick should be "deemed fraudulent."

The second approach—and the one employed here—requires target to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Courts have explained their task as follows:

> In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law.

*McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12–CV–392, 2012 WL 6114944, at \*4 (E.D. Tex. Dec. 10, 2012). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder, 'and the case must be remanded for lack of diversity.'" *Id.* (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). In making this evaluation, courts must view both contested issues of law and factual allegations in the light most favorable to the plaintiff. *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 975 (E.D. Tex. 2010) (citing *Guillory v. PPG*

4

*Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

In *Escuadra*, this Court surveyed the improper-joinder analysis articulated in Fifth Circuit precedent,[3] identifying three distinct questions that should be addressed: (1) whether it appears that the plaintiff actually intends to pursue claims against the defendant, (2) whether State law recognizes a cause of action, and (3) whether the State court petition alleges sufficient facts to sustain the asserted cause of action. *Escuadra*, 739 F. Supp. 2d at 975–76. Defendants cannot succeed in removal on an improper-joinder theory if the answer to these questions is yes. *Id.*

> **1.      Rose actually intends to pursue her negligence claims against Urick.**

In addressing the first question, *Escuadra* set forth several factors courts should consider, namely "whether the defendant is only minimally mentioned, whether any actionable facts or causes of action are specifically alleged against the defendant, and whether the defendant was ever served." *Id.* at 975 (citing *Griggs*, 181 F.3d at 699).

Here, these factors strongly demonstrate that Rose did, in fact, intend to pursue a negligence claim against Urick. First, Urick is mentioned prominently in the substantive portion of Rose's State court petition—far more than "minimally." *See Escuadra*, 739 F. Supp. 2d at 975 (*see also* Doc. 1 – 2). Second, the petition dedicates an entire section to identifying the specific ways in which Urick herself was independently negligent. *Id.*   Third, Rose promptly served Urick with process 6 days after the filing of this lawsuit and 8 days before Target was served with process. (Doc. 1-1). Therefore, the first question in the *Escuadra* inquiry is satisfied here.

> **2.      Under Texas law, Rose can hold Urick liable for her independent acts of negligence.**

The second question endorsed by this Court in *Escuadra* is considered "rudimentary," asking whether the asserted claim is valid under State law. *Escuadra*, 739 F. Supp. 2d at 976. Texas

recognizes a cause of action for negligence against Defendant Urick under these circumstances. Under Texas law, an employee is independently liable for her negligence where she directly participated in the conduct giving rise to the negligence claims. *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) ("[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment").  Importantly as it relates to Defendants' argument, Courts have distinguished between cases against managers for negligent management and cases against the employee that actually participated in the negligent conduct. *See, e.g., Land v. Wal-Mart Stores of Tex., LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014).

Federal district courts have granted motions to remand involving negligence claims brought against both employers and their allegedly negligent employees. *See, e.g., Gonzalez v. Wal-Mart Stores Tex., LLC*, No. 2:13-CV-65, 2013 WL 1827924, at *1-3 (S.D. Tex. Apr. 30, 2013) (concluding that the defendants failed to sustain their burden of showing no possibility that the plaintiff can recover under Texas law in an action involving the inspection and service of a Ford Expedition by Wal-Mart employees); *Alexander v. Lincare, Inc.*, No. 3:07-CV-1137, 2007 WL4178592, at *3-5 (N.D. Tex. Nov. 27, 2007) (granting remand in a case where plaintiff sued a medical equipment technician and her employer for negligence); *Guzman v. Cordero*, 481 F.Supp. 2d 787, 788-91 (W.D. Tex. 2007) (opining that a Wal-Mart courtesy technician was potentially liable under Texas law for negligently inspecting plaintiff's vehicle and tires, reasoning that the technician "was directly and personally involved in conduct that allegedly caused Plaintiff's injuries because [he] actually performed the services in question"); *Land v. Wal-Mart Stores of Tex., LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014) (remanded because nondiverse employee could be held independently liable for creating the dangerous condition with floor cleaning machine.) *Rape v. Medtronic, Inc.*, No. 9:04-CV-225, 2005 WL 1189826, at *2-3

(E.D. Tex. 2005) (concluding that plaintiff stated potential products liability claim against employee of company); *see also Patterson v. Walgreen Co.*, No. SAS-13-CV-338, 2013 WL 1824885, at *2-3 (W.D. Tex. Apr. 30, 2013). (recognizing that a pharmacist may have an individual duty to a customer when filling prescriptions and directing the defendant to show cause why the case should not be remanded). These cases have uniformly held that an individual who directly participates in the alleged negligence may be liable under Texas law.

A recent case from the Southern District of Texas further illustrates why remand is proper here. *See Lopez-Monroy v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00051, 2019 WL 3302615, (S.D. Tex. July 23, 2019), *report and recommendation adopted*, No. 3:19-CV-00051, 2019 WL 3753702 (S.D. Tex Aug. 8, 2019) (citing cases). In *Lopez-Monroy*, the plaintiff sued Wal-Mart and Wal-Mart's forklift operator employee for injuries caused by the allegedly negligent actions of the forklift operator in operating the forklift and leaving it unattended. In removing, Wal-Mart made the same diversity arguments as Target makes here, that an employee cannot be liable for his or her negligent actions while acting in the course and scope of her employment. The Court explained that this was an incorrect statement of Texas law:

> The general rule in Texas has always been that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex.1984) (citations omitted).

*Id*. at *10. In reviewing the relevant case law, the Court illustrated the clear distinction in cases where a store manager or employee did not directly create the danger that led to plaintiff's injuries (diversity exists and remand not warranted) versus those cases in which an employee directly participated in the conduct giving rise to the negligence claim (no diversity and remand warranted). *See id*. The Court explained that the "single principle" that explained the different results was that remand was granted in the cases where the pleadings alleged the agents played a personal role in

creating the dangerous at issue. *See id*. As such, the Court granted Plaintiff's Motion to Remand.

Another recent Southern District of Texas case with facts even more analogous to the instant case is *Flores v. Wal-Mart Stores Tex., LLC*, where the plaintiff alleged her daughter "was struck by an umbrella pole sticking out of a shopping cart that was being operated" by a Wal-Mart employee. *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73, 2016 WL 3794761, at *1 and *4 (S.D. Tex. June 17, 2016), *report and recommendation adopted,* No. CV B-16-073, 2016 WL 3826288 (S.D. Tex. July 12, 2016). The negligence allegations are practically identical to Plaintiff's in the instant case: the Defendant employee was pushing and/or driving a shopping cart in a negligent manner when he struck Plaintiff's daughter. *Id*. In evaluating the same removal and remand issue as here, the Court cited the "governing principle" in these cases:

> If the pleadings allege the store manager or employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate. Where the pleadings allege the store manager was acting in his or her corporate capacity and was not personally involved in creating the condition, then the store manager owed no separate duty of care, recovery was not possible, and remand was inappropriate.

Id. at *3 (quoting *Champion v. Wal-Mart Stores of Texas, LLC*, No. 5:16-CV-112-DAE, 2016 WL 1226942, at *3 (W.D. Tex Mar 24, 2016). The Court explained that the plaintiff clearly plead that the store employee played a personal and active role in injuring the plaintiff's daughter by pushing the shopping cart into her. As such, the employee had an independent duty to plaintiff, there was a reasonable basis that plaintiff could sustain a claim against the employee in state court and remand was necessary. Under the almost identical facts of this case, remand is also necessary here.

Indeed, Defendants have not cited one case properly in support of their position that store employees can't be held liable for their own specific acts of negligence. Therefore, the second question in the *Escuadra* inquiry is satisfied here and Defendants have not met their heavy burden of demonstrating that Rose has no possibility of recovering against Urick.

8

**3.    Rose's State court petition alleges sufficient facts to sustain the asserted cause of action against Brunnert.**

Lastly, in answering the third question, courts employ a Rule 12(b)(6)-type analysis examining the factual fit between the plaintiff's allegations and the theories of recovery asserted. *Escuadra*, 739 F. Supp. 2d at 976 (citing *Smallwood*, 385 F.3d at 573; *Anderson v. Ga. Gulf Lake Charles*, 342 Fed. App'x 911, 915 (5th Cir. 2009)). When viewed in light of Urick's independent acts of negligence in hitting Plaintiff with a product cart, the facts alleged fit the negligence theory on which Rose seeks to recover from Urick. Rose's State court petition states that Urick was negligent by breaching her duty of care to Rose by pushing a cart into her, causing Rose to sustain serious personal injuries. (*See* Doc. 1-2, at ¶¶ IV and V). Rose further alleges that Urick was negligent in failing to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstance, in failing to safely push a loaded cart as a person of ordinary prudence would have under the same or similar circumstances, in failing to take evasive action and other acts and omissions to be proved at trial. (*Id.*).

Ultimately, Rose's State petition contains factual allegations sufficient to render plausible her negligence claims against Urick. *See Escuadra*, 739 F. Supp. 2d at 985. On these facts, as *Smallwood* instructs, there is no fraudulent joinder. *Smallwood*, 385 F.3d at 574. Target simply cannot satisfy its heavy burden, particularly when the factual allegations and contested issues of law are resolved in the light most favorable to Rose, and in favor of remand.

**C.    This Court lacks subject-matter jurisdiction, because the parties are not diverse.**

A federal district court possesses diversity jurisdiction when the amount in controversy exceeds $75,000.00 and the matter is between citizens of different States. 28 U.S.C. § 1332(a); *see also Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam); *Bynane v. Bank of New York Mellon*, 866 F.3d 351, 355 (5th Cir. 2017). However, "[a] civil

action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Settlement Funding, L.L.C. v. Rapid Settlements*, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) (that some parties' citizenship is diverse is not enough.). Diversity jurisdiction requires "complete diversity"—that is, that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Rapid Settlements*, 851 F.3d at 536.

Here, because Target failed to carry its heavy burden to show that Urick was improperly joined to defeat federal jurisdiction, Urick's citizenship in Texas—the State in which Rose brought her action—destroys complete diversity in this case. To the extent that there is any doubt as to whether Urick was properly joined—Target's sole basis for removal—the question should be resolved in favor of remand. *See Gutierrez*, 543 F.3d at 251. Accordingly, Target has failed to establish that this Court has subject-matter jurisdiction over this case. This Court must, therefore, remand this case to State court.

## V. CONCLUSION & PRAYER

Viewing Plaintiff Rose's allegations and contested issues of law in the light most favorable to Rose, this Honorable Court should remand the present action to State court. Krystina Urick, a resident of Texas, was properly joined as a defendant in this lawsuit in which Rose seeks to recover for the severe injuries Urick negligently inflicted on Rose. Texas law is clear that an employee is independently liable for her negligence where she directly participated in the conduct giving rise to the negligence claims.  Krystina Urick negligently hit Rose with a product cart, this directly participating in the conduct giving rise to Rose's negligence claims. Accordingly, because Rose has properly joined Urick as a Defendant in her State lawsuit, this case lacks diversity of citizenship present and— likewise—this court lacks subject-matter jurisdiction over it.

For all these reasons, Plaintiff Carol Rose respectfully prays that this Honorable Court remand the present action to the 61st Judicial District Court in Harris County, Texas, and further requests all other relief to which she may be justly entitled.

Respectfully submitted,

**THE SEERDEN LAW FIRM, PLLC**

*/s/ M. Andrew Seerden*

M. Andrew Seerden
State Bar No. 24008007
Federal I.D. No. 22972
603 W. 11th St., Suite 200
Houston, Texas 77008
713.526.6700
713.526.6704 Facsimile
andrew.seerden@seerden-law.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2022, a true and correct copy of the foregoing document was served on counsel for Defendants *via* ECF:

***Via E-Service and Email: twilliams@germer.com and vly@germer.com***
GERMER, PLLC
Troy A. Williams
Valerie Ly
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
***Attorneys for Defendants***

*/s/ M. Andrew Seerden*

M. Andrew Seerden

11

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D)(1), Plaintiff's counsel has conferred with Defendants' counsel and counsel cannot agree about the disposition of the motion.

*/s/ M. Andrew Seerden*
M. Andrew Seerden