IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL ROSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-4029 |
| | § | **JURY** |
| KRYSTINA URICK AND | § | |
| TARGET CORPORATION | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Target Corporation and Krystina Urick, ("Defendants") hereby file this Response in Opposition to Plaintiff's Motion to Remand [Dkt. 6] and would respectfully show as follows:

**I. SUMMARY OF RESPONSE**

1. Subject matter jurisdiction in this case is based on diversity jurisdiction. The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate*, 589 F.3d 168, 171 (5th Cir. 2009). In this matter, Plaintiff has improperly joined Defendant Krystina Urick solely to defeat removal.

2. Plaintiff's state court petition does not contain sufficient allegations against Ms. Urick to support any cause of action under Texas law. Plaintiff fails to plead any specific facts against Ms. Urick that would demonstrate that she is individually liable for causing damage to Plaintiff and there is no reasonable basis for predicting Plaintiff would produce sufficient

1

evidence to recover against Ms. Urick, individually. Because Ms. Urick is not a proper individual defendant, her citizenship should be disregarded for the determination of diversity jurisdiction. Consequently, complete diversity of the parties exists and this Court has jurisdiction pursuant to 28 U.S.C. § 1332. As such, Plaintiff's Motion to Remand should be denied.

## II. FACTUAL BACKGROUND

3. Plaintiff claims that on or about January 4, 2020, she was shopping at Target when Target employee Krystina Urick pushed a cart into Plaintiff. Plaintiff's Original Petition at paragraph 4.1-4.3. Plaintiff contends that she suffered severe injuries as a result of same. *Id.* at paragraph 4.3-4.5.

4. On or about October 26, 2021, Plaintiff commenced a lawsuit in the 61st Judicial District Court of Harris County, Texas, Cause No. 2021-70554, styled *Carol Rose v. Krystina Urick and Target Corporation*. *Id.* at p. 1. Plaintiff avers, inter alia, that Target was negligent in failing to properly train their/its agents, servants, officers, and/or employees in the performance of his/her/their job duties as to the use cart and all other associated activities, in failing to properly hire and manage their/its agents, servants, officers, and/or employees in the performance of his/her/their job duties as to the use of a cart and all other associated activities, in failing to properly supervise their/its agents, servants, officers, and/or employees in the performance of his/her/their job duties as to the use of a cart and all other associated activities, in failing to implement adequate safety policies and/or procedures, and in failing to enforce adequate safety policies and/or procedures. *Id*. at paragraph 6.1. Plaintiff also claims that Krystina Urick, through her course and scope of employment with Target, was negligent in failing to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstance, in failing to safely push a cart as a person of ordinary prudence

would have kept under the same or similar circumstances, and in failing to take evasive action. The allegation against Krystina Urick fails to prevent removal because Ms. Urick was a Target employee and thus everything she did is imputed to Target since she was acting within the course and scope of her employment for Target. Plaintiff asserts no independent cause of action against Ms. Urick that is outside her scope of employment with Target.

### III.  ARGUMENTS AND AUTHORITIES

5.  A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Carnes v. Friede & Goldman, L.L.C.*, 103 F. Supp. 3d 821, 823 (E.D. Tex. 2015). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident and Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

6.  "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at 4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004)). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's **state court pleadings** in

the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added). Whether the plaintiff has stated a valid State law cause of action depends upon, and is tied to, the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

7. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

8. Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted).

9. There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.* at 573. The court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts

that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

10. Here, Plaintiff has improperly joined a non-diverse defendant, Krystina Urick. As illustrated below, Plaintiff has no possibility of recovery against the non-diverse, defendant, Krystina Urick.

11. Ms. Urick was an employee of Target when the incident in question occurred acting within the course and scope of her employment and thus, she did not owe an independent duty apart from her employer's duty. At the time of the incident, Ms. Urick was moving a stocking cart and accidentally hit Plaintiff. *See* Unsworn Declaration of Krystina Urick, attached as Exhibit "A". An employee owes no general duty to third parties to perform her work safety. When an employer hires an employee, the employee owes to the employer a duty to perform his work in a proper manner. This duty, however, is owed only to the employer; not to third parties:

> [An employee] is not in general liable to third persons for his own nonfeasance or omission of duty in the course of his employment. His liability in those latter cases is solely to his principal; there being no privity between him and such third persons, [as] the privity exists only between him and his principal.

*Conrick v. Houston Civic Opera Ass'n*, 99 S.W.2d 382, 384 (Tex. Civ. App.—Amarillo 1936, no writ) (cites omitted); *see also Seismic Explorations v. Dobray*, 169 S.W.2d 739, 743 (Tex. Civ.App.—Galveston, writ ref'd w.o.m.) (if an employee were charged with training other employees but failed to so, "the [employee] would have been guilty of nonfeasance and liable to

his company… but he is not in general liable to third persons for his own nonfeasance or omission of duty in the course of his employment.") (citing *Conrick*, 999 S.W.2d at 384).

12. Of course, a person injured by wrongful conduct committed by an employee acting in the course and scope of his employment is not left without recourse. Because "[c]orporations can, of course, only act through individuals," the law holds the employer vicariously responsible for its employees' negligence through the doctrine of respondeat superior. *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005). *See also Le Sage v. Pryor*, 137 Tex. 455, 459, 154 S.W.2d 446, 449 (Comm'n App. 1941) ("The employer is made liable for the acts of the employee, because the employee's acts are considered to be his acts.").

13. An employee can be personally liable to others for his own negligence, but "only when the [employee] owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

14. The Texas Supreme Court's decisions illustrate that there are only two sources of an independent duty for employees: (1) when a statute imposes a particular standard of care on an employee individually; and (2) when an intentional tort or crime is alleged. The cases dealing with a particular standard of care on an employee individually are as follows: *State v. Morello,* 547 S.W.3d 881 (Tex. 2018) (finding personal liability of employee who violated Water Code, where prohibited conduct applied to "any person"); *Miller v. Keyser,* 90 S.W.3d 712 (Tex. 2002) (finding DTPA provides for personal liability of employees); *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484-85 (Tex. 1998) (employee could be independently liable under the Texas DTPA because clause prohibiting deceptive trade practices applied to "any person," and statute defined "person" to include an individual); *Weitzel v. Barnes,* 691 S.W.2d 598 (Tex. 1985) (allowing personal liability under DTPA); *Light v. Wilson,*

663 S.W.2d 813 (Tex. 1983) (recognizing an employee could be personally liable for violating the DTPA); *LeSage v. Pryor,* 137 Tex. 455, 154 S.W.2d 446 (1941) (holding that driver of automobile owes an independent duty to others when operating a motor vehicle); *Ft. Worth & D.C. Ry. Co. v. Mackney,* 83 Tex. 410, 18 S.W. 949 (1892) (engineer owed independent duty where statute required an engine approaching a railroad crossing to come to a full stop); *Franka v. Velasquez,* 332 S.W.3d 367, 382-83 (Tex. 2011) (holding doctor independently liable for professional malpractice, even though doctor was employed by a governmental employer). *Accord Galindo v. Garner,* No. 05-19-00061-CV, 2019 WL 2098689 (Tex. App.—Dallas May 14, 2019, n.p.h.) (finding personal liability under the Texas Alcoholic Beverage Code). The cases concerning when an intentional tort or crime is alleged are as follows. *Tri v. J.T.T.,* 162 S.W.3d 552 (Tex. 2005) (noting offending monk was found individually liable for assault, but holding supervising monk could not be held liable for their negligent supervision of the assaulting monk); *Holloway v. Skinner,* 898 S.W.2d 793 (Tex. 1995) (employee can be personally liable for tortious interference if he acted "willfully or intentionally"); *Leyendecker & Assoc., Inc. v. Wechter,* 683 S.W.2d 369 (Tex. 1984) (employee personally liable for libel); *Light v. Wilson,* 663 S.W.2d 813 (Tex. 1983); *cf. Conrick v. Houston Civic Opera Ass'n,* 99 S.W.2d 382, 385 (Tex. 1936) ("Directors are not personally liable to creditors for mismanagement, or for waste of assets except upon proof of the commission of actual fraud."). **Neither of these scenarios applies to the instant case.**

15. In all other instances—and specifically those involving mere negligence in the workplace—this Court has refused to impose an independent duty and, by extension, individual liability on an employee. *Tri v. J.T.T.,* 162 S.W.3d 552 (Tex. 2005) (supervising monk owed no independent duty to prevent subordinate monk from committing assault); *Leitch v. Hornsby,* 935

S.W.2d 114, 117-18 (Tex. 1996) (employee owed no independent duty to provide a safe workplace); *Werner v. Colwell,* 909 S.W.2d 866, 868 (Tex. 1995) (same).

16. In this case, Ms. Urick cannot be individually liable to Plaintiff for negligence because she does not owe an independent duty of reasonable care apart from Target's duty. *See Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Several courts have found improper joinder when a store employee is joined with a corporate defendant in a premises liability case. *See, e.g., Solis v. Wal–Mart Stores E., L.P.*, 617 F.Supp.2d 476, 480 (S.D. Tex. 2008); *Bourne v. Wal–Mart Stores, Inc.*, 582 F.Supp.2d 828, 837 (E.D. Tex. 2008); *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. Oct.13, 2006); *Allen v. Home Depot U.S.A.,* 2004 WL 2270001 (W.D. Tex. 2004); *Kopczynski v. Wal–Mart Stores Texas, L.P.*, No. H–10–4507, 2011 WL 902237 (S.D. Tex. March 14, 2011).

17. As demonstrated, there is no possibility of the Plaintiff being able to establish any claim against Ms. Urick, thereby making her an improperly-joined defendant. She should be disregarded for purposes of determining diversity of citizenship between the parties. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011). Therefore, the parties are completely diverse. See 28 U.S.C. § 1332(a).

## IV. CONCLUSION AND PRAYER

18. For the foregoing reasons, the parties are completely diverse and subject matter jurisdiction exists based on diversity jurisdiction. WHEREFORE, PREMISES CONSIDERED, Defendants Target Corporation and Krystina Urick pray that the Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

**GERMER PLLC**

By:   /s/ Valerie Ly w/ permission
     Troy A. Williams
     State Bar No. 00788678
     Federal I.D. No. 19043
     America Tower
     2929 Allen Parkway, Suite 2900
     Houston, Texas 77019
     Telephone: (713) 650-1313
     Facsimile: (713) 739-7420
     Email: twilliams@germer.com

**LEAD ATTORNEY FOR DEFENDANTS TARGET CORPORATION AND KRYSTINA URICK**

**OF COUNSEL:**
Valerie L. Ly
State Bar No. 24053692
Federal I.D. No. 2387134
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: vly@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF on January 25, 2022 to all counsel of record, as follows:

M. Andrew Seerden
The Seerden Law Firm
603 W. 11th St., Suite 200
Houston, Texas 77008

                                          /s/ Valerie Ly
                                          Valerie Ly