United States District Court
Southern District of Texas
**ENTERED**
June 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| Carol Rose, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 4:21-cv-04029 |
| v. | § | |
| | § | |
| Krystina Urick and Target Corporation, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Carol Rose has filed a motion to remand this suit. Dkt. 6. The motion was referred to the undersigned judge. Dkt. 12. The dispositive question is whether Rose pleaded a cognizable claim against Defendant Krystina Urick ("Urick"), an employee of co-Defendant Target Corporation ("Target"). If so, Urick's inclusion in this suit destroys the complete diversity of citizenship necessary to support federal jurisdiction under 28 U.S.C. § 1332.

After carefully considering Rose's motion to remand to remand, Dkt. 6, Target's response, Dkt. 7, and the applicable law, the Court concludes that Texas law supports Rose's claim against Urick. It is therefore recommended that this Court remand this suit to state court.

## Background

This is a personal injury suit. According to her state-court petition, Rose was injured when Urick struck Rose with a loaded cart at a Target retail store. Dkt. 1-2, DX-B ¶ 4.1. Rose sued Urick, individually, and her employer, Target, for negligence. *Id.* ¶¶ 5.1-6.5.

Rose and Urick reside in and are citizens of Texas, whereas Target is a citizen of Minnesota. Dkt. 1 at 1-2; Dkt. 1-2, DX-B ¶¶ 2.1-2.3. Nonetheless, Target removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332, alleging that Urick was improperly joined in this suit such that her citizenship should be disregarded for jurisdictional purposes. Dkt. 1 at 3-8.

Rose moved to remand, arguing that Urick's personal and direct commission of the negligent act that caused Rose's injury supports a possibility of recovery against Urick. Dkt. 6 at 5-8. Target, however, maintains that Urick owed no duty care of care to Rose apart from Urick's responsibilities to perform her work safely as a Target employee. Dkt. 7 at 1-2, 5-8.

## Legal Standard

The sole ground for Target's removal of this case is diversity of citizenship under 28 U.S.C. § 1332. As the party invoking federal jurisdiction, Target bears the burden to establish that the case is properly removable. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000). Any doubts

about the propriety of removal are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

I. **Target Bears the Burden to Show that There Is No Possibility of Recovery against Urick, such that She Was Improperly Joined.**

Federal courts have jurisdiction over actions between citizens of different states that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332; Dkt. 1 ¶ 7. Because Section 1332 requires complete diversity, no plaintiff can share the same state of citizenship as any defendant. *See generally Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But there is a narrow exception to the complete diversity requirement: if a "plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136.

There are two ways to establish that a non-diverse defendant was improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (internal quotation marks omitted). Target invokes solely the second theory, which requires it to "demonstrat[e] that there is no

3

possibility of recovery by the plaintiff against [the] in-state defendant ....*" Id.*; *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (removing party bears burden of proof). Moreover, because Target does not rely on any evidence extrinsic to Rose's pleading, the Court must conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," Urick. *Smallwood*, 385 F.3d at 573; *see also Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (holding, for improper joinder, "[a] federal court must apply the federal pleading standard").

Under this test, if the claims against Urick "can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Given the "significant federalism concerns" involved, "all contested factual issues and ambiguities of state law" must be resolved "in favor of the plaintiff," and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82 (internal quotation marks and footnotes omitted).

II. **This Case Should Be Remanded Because Rose Has a Possibility of Recovery against Non-Diverse Defendant Urick.**

The parties agree that the viability of Rose's claims against Urick—and thus the propriety of Urick's joinder—hinge on a legal question. That question is whether Texas law permits an injured person to sue a store employee

4

directly for injuries caused by that employee, when the employee's acts were committed within the scope of its employment.

As Rose observes, Dkt. 6 at 6, the Texas Supreme Court has held that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Rose invokes decisions remanding similar negligence and premises liability suits upon finding a possibility of recovery against a non-diverse store employee. Dkt. 6 at 6-8 (citing *Lopez-Monroy v. Wal-Mart Stores Tex., LLC*, 2019 WL 3302615, at *10 (S.D. Tex. July 23, 2019), *report and recommendation adopted*, 2019 WL 3753702 (S.D. Tex. Aug. 8, 2019); *Flores v. Wal-Mart Stores Tex., LLC*, 2016 WL 3764761, at *1, 4 (S.D. Tex. June 17, 2016), *report and recommendation adopted*, 2016 WL 3826288 (S.D. Tex. July 12, 2016); *Land v. Wal-Mart Stores of Tex., LLC*, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014); *Gonzalez v. Wal-Mart Stores Tex., LLC*, 2013 WL 1827924, at *1-3 (S.D. Tex. Apr. 30, 2013); *Alexander v. Lincare, Inc.*, 2007 WL 4178592, at *3-5 (N.D. Tex. Nov. 27, 2007); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 788-91 (W.D. Tex. 2007)).

On the other hand, Target cites the general principle that an employee can be personally liable for negligence "only when the [employee] owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); Dkt. 7

at 6. According to Target, Urick's conduct within the course and scope of her employment can only make Target vicariously responsible for Urick's acts. Dkt. 7 at 6 (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005)). As further support, Target cites decisions where a non-diverse store employee was deemed to be improperly joined with a corporate defendant in a premises liability case. Dkt. 7 at 8 (citing *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008); *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006); *Allen v. Home Depot U.S.A.*, 2004 WL 2270001 (W.D. Tex. Oct. 6, 2004); *Kopcyznski v. Wal-Mart Stores Tex., L.P.*, 2011 WL 902237 (S.D. Tex. Mar. 14, 2011)).

Another judge of this Court recently and exhaustively analyzed and harmonized these authorities before concluding that a non-diverse store employee, in a similar case, was not improperly joined. *Lopez-Monroy*, 2019 WL 3302615, at *3-4. There, the employee, Maciocha, had left a forklift in front of the patron ingress and egress section, where the plaintiff tripped over it. *Id.* at *1. The defendant, Walmart, argued that plaintiff had no reasonable possibility of recovery against Maciocha because any liability created by his actions would attach to Walmart, as his employer, and not to Maciocha personally. *Id.* at *5. The *Lopez-Monroy* court disagreed, for two core reasons.

6

First, the *Lopez-Monroy* court distinguished the same cases cited by Target here, as instances where the non-diverse store manager or employee "did not directly create the danger that led to the plaintiff's injuries." 2019 WL 3302615, at *4 (analyzing *Kopczynski*, 2011 WL 902237, at *6 (store greeter and manager allegedly failed to properly maintain the area); *Solis*, 617 F. Supp. 2d at 478, 481 (department manager allegedly failed to properly manage and supervise the premises); *Bourne*, 582 F. Supp. at 831, 838 (manager allegedly should have known about and remedied a hazard); *McKinney*, 2006 WL 2947324, at *2-3 (alleging that store manager trained subordinates and formulated training policy); *Allen*, 2004 WL 227001, at *1, 3 (manager allegedly "failed to properly supervise and train the individual responsible for maintaining the rod or chain cutter that injured" plaintiff).

Second, citing *Leyendeker* and other authorities, the *Lopez-Monroy* court emphasized longstanding Texas case law holding that employees are not exempt from personal liability for committing their own tortious acts. 2019 WL 3302615, at *5 (collecting authorities). And in *Lopez-Monroy*, the plaintiff had plausibly asserted that the employee, Maciocha, "created a dangerous condition" by leaving the forklift where he had "and then [doing] nothing to remedy the situation." *Id.* at *5. Under those circumstances, Wal-Mart had not "met its heavy burden of demonstrating that Lopez-Monroy has no possibility of recovery," making remand appropriate. *Id.*

7

The *Lopez-Monroy* decision is thorough and persuasive. Like Walmart in that case, Target cites the same inapposite cases addressed above where a non-diverse defendant employee had not personally and directly committed the negligent act. Dkt. 7 at 8. By contrast, the Texas Supreme Court has continued to recognize "Texas' longstanding rule that a corporate agent is personally liable for his *own* fraudulent *or tortious* acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (citing *Leyendecker*, 683 S.W.2d at 375) (emphasis added). That principle supports Rose's claim against Urick.

Here, Rose alleges that Urick pushed a loaded cart into Rose, causing Rose's injuries. Dkt. 1-2, DX-B ¶ 4.1. Because the petition alleges that Urick personally committed a tortious act, Rose has a possibility of recovery against Urick. *See Miller*, 90 S.W.3d at 717; *Leyendecker*, 683 S.W.2d at 375. Moreover, Urick had a duty of care to refrain from negligently striking and injuring Rose with a cart, regardless of Urick's status as a Target employee. *See, e.g.*, Restatement (Second) of Torts § 302, cmt. a (1965) ("In general, anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act."); Dan B. Dobbs, The Law of Torts § 227, at 578 (2000) ("Among strangers … the default rule is that everyone owes a duty of reasonable care to others to avoid physical harms.") (footnote omitted). And

even if there were doubts on the scope of Texas law as applied to these facts, those ambiguities must be resolved in Rose's favor. *Gasch*, 491 F.3d at 281-82.

In sum, Target has not shown that Rose lacks a possibility of recovery on her negligence claim against Urick. As a result, Urick was not improperly joined, and her inclusion as a defendant destroys the complete diversity necessary to maintain jurisdiction. It is therefore recommended that this case be remanded.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Carol Rose's motion to remand (Dkt. 6) be **GRANTED**, and that this suit be **REMANDED** to state court.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 22, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

9